### In re BILLING PRACTICES OF ELECTRIC UTILITIES.
Docket No. 73261-Rule. Order No. 5750.

Florida Public Service Commission.

May 15, 1973.

## BY THE COMMISSION.

*Order proposing rule amendments:* This proceeding is hereby instituted on the commission's own motion and is intended to accomplish the purposes of placing more specificity in those rules within Chapter 25-6 which relate to billing practices of electric utilities; to eliminate the possibility of certain inappropriate practices which might result under the present rules, as described more specifically hereinafter; and to provide for uniformity within the electric industry with respect to such billing practices. We recognize, of course, that many of the revisions which we are proposing hereinafter are already being followed by the majority of the utilities. Some, however, are not adhering to our proposed revisions, thereby requiring the promulgation of such amendments in order to attain uniformity in the industry. Then, too, the revisions should serve to provide more specific procedures to be followed by the utilities, with the result that any confusion or complaints on the part of customers under current billing practices will be reduced.

First, present Rule 25-6.100(1) provides that bills shall be rendered at regular intervals, and as promptly as possible following the reading of meters. In order to eliminate any ambiguity as to when bills shall be rendered, we propose to amend the present requirement and provide in lieu thereof the requirement that bills be rendered monthly. From a practical standpoint, however, this should not affect any electric company's present billing practices but should merely provide more specificity within the rule.

Second, we propose to amend subsection (2) of Rule 25-6.100 to provide that the customer's bill shall show, in addition to those items already required by the rule, the monthly fuel adjustment and the delinquent date of the bill. The purpose of this revision is to give the customer as much information as is possible with respect to the makeup of his bill. For example, the monthly fuel adjustment should enable the customer to ascertain the precise impact of the fluctuations in the utility's cost of fuel upon his monthly charges as well as eliminate possible confusion by the customer over variations in monthly bills when energy consumption remains fairly constant. The information reflecting the delinquent date of the bill is necessary, in our opinion, since some bills being currently rendered are worded in such a manner that a customer is misled as to the actual delinquent date. This amendment should serve to eliminate any such confusion on the part of the customer as to when the bill actually becomes delinquent. In addition, we are proposing certain non-substantive minor changes in present subsections (d) and (e) to clarify the existing language.

Next, we propose to amend Rule 25-6.101 to provide that bills shall not be considered delinquent prior to the expiration of 20 days from the date of mailing. Presently, said rule provides that the bill shall not be considered delinquent prior to the expiration of 15 days from the date of mailing or, in the alternative, 20 days from the date of meter reading. This, in our opinion, will give the customer a more reasonable amount of time in which to pay his bill and eliminate any possible confusion which may now result by the use of alternative methods to determine said date.

Next, we propose to amend subsections (e) and (f) of Rule 25-6.105 to provide that written notice be required before discontinuance or refusal of service may be made by the companies for failure by the customer to provide a reasonable deposit and for neglect or refusal to provide reasonable access to the utility for the purpose of reading meters or inspection and maintenance of equipment owned by the utility. Presently, the rule requires only that the customer be given notice prior to the discontinuance of service, thereby permitting either written or oral notice to be given. Thus,

this amendment would provide more specificity within the rule and should serve to eliminate any question on the part of the customer or the utility that the customer did not receive adequate notice that service would be discontinued.

Finally, we propose to amend subsection (g) of Rule 25-6.105 to provide that service shall not be discontinued for nonpayment of bills or noncompliance with the utility's rules and regulations until the customer is given at least 5 days' written notice, and such notice is separate and apart from any bill for service. The present rule is written in such a manner that notice of past due amounts can be incorporated onto the following month's bill, with the result that a portion of the total amount due would be due within 5 days, or service would be discontinued, while the remainder would not be delinquent until the normal 20 day period had transpired. This amendment would require such notification to be accomplished through separate written notice to the customer. While this amendment will presumedly result in additional costs to those utiliies presently engaged in this practice, the benefits to the public, in our judgment, far outweigh the inconvenience and expense to the utility. Moreover, we note that the majority of the electric utilities are currently following the practice which we are proposing within our rule.

Therefore, the commission, on its own motion, pursuant to §366.05, Florida Statutes, proposes to amend Chapter 25-6, and Rules 25-6.100, 25-6.101, and 25-6.105 therein, to read as follows —

25-6.100 *Customer billing* —

(1) Bills shall be rendered *monthly* and as promptly as possible following the reading of meters.

(2) With the exception of a duplicate bill, the customer's receipt shall show at least the following information:

(a) ***

(b) ***

(c) ***

(d) The amount of the bill, and as applicable, the gross *and* net billing; and discount *or* penalty.

(e) The date by which payment must be made in order to benefit from any discount or avoid any penalty, *if applicable.*

(f) ***

(g) *The monthly fuel adjustment.*

(h) *The delinquent date of the bill.*

(i) ***

(3) ***

(4) ***

(5) \*\*\*
(6) \*\*\*

25-6.101 *Delinquent bills* —

Bills shall not be considered delinquent prior to the expiration of *twenty (20) days from date of mailing.*

25-6.105 —

(1) \*\*\*
(2) \*\*\*
(3) \*\*\*
(4) \*\*\*

(5) As applicable, each utility may refuse or discontinue service under the following conditions provided that, unless otherwise stated, the customer shall be given notice and allowed a reasonable time to comply with any rule or remedy any deficiency.

(a) \*\*\*
(b) \*\*\*
(c) \*\*\*
(d) \*\*\*

(e) For failure or refusal to provide the utility with a deposit to insure payment of bills in accordance with the utility's regulation, *provided that written notice, separate and apart from any bill for service, be given the customer.*

(f) For neglect or refusal to provide reasonable access to the utility for the purpose of reading meters or inspection and maintenance of equipment owned by the utility, *provided that written notice, separate and apart from any bill for service, be given the customer.*

(g) For non-payment of bills or non-compliance with the utility's rules and regulations, and only after there has been a diligent attempt to have the customer comply, including at least five (5) days' written notice to the customer, *such notice being separate and apart from any bill for service.* (Italicized language represents proposed amendments.)

It is therefore ordered that unless written objections with substantial ground for opposition are received within fifteen days from the date hereof, the rules herein referred to will be adopted by formal order of the commission (but without further notice), at the next public meeting of the commission, such rules to become effective the day after they are filed in the office of the Secretary of State, pursuant to the provisions of §120.041(4), Florida Statutes.

It is further ordered that as substantial objections are received which raise factual issues on which the taking of evidence is deemed necessary, notice of a public hearing for that purpose will be given, otherwise, the written objections may be set for oral argument if the commission considers that argument will be helpful; or, they

may be considered as submitted and proposed rules adopted, rejected, or adopted with modifications without further notice.

By order of Chairman William H. Bevis, Commissioner William T. Mayo, and Commissioner Paula F. Hawkins, as and constituting the Florida Public Service Commission, this 15th day of May, 1973.

<div align="center">

*William B. DeMilly*
Administrative Secretary